*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2013 UT 8**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

PEAK ALARM CO., INC., a Utah corporation, JERRY D. HOWE,
an individual, MICHAEL JEFFREY HOWE, an individual,
*Plaintiffs and Appellees,*

*v.*

SALT LAKE CITY CORP., a Utah municipal corporation,
SHANNA WERNER, an individual, CHARLES F. "RICK" DINSE,
an individual, SCOTT ATKINSON, an individual, JAMES BRYANT,
an individual, and JOHN DOES I-Z, individuals,
*Defendants and Appellants.*

No. 20120050
Filed February 15, 2013

Third District, Salt Lake
Honorable L. A. Dever
No. 050906433

Attorneys:

Stephen C. Clark, Kenneth A Okazaki, Michael Jeffrey Howe,
Salt Lake City, for appellees

J. Wesley Robinson, Salt Lake City, for appellants

JUSTICE DURHAM authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE NEHRING,
JUSTICE PARRISH, and JUSTICE LEE joined.

JUSTICE DURHAM, opinion of the Court:

## INTRODUCTION

¶1     In this appeal, Salt Lake City employees Shanna Werner
and Scott Atkinson (City Employees) contest the district court's
denial of their motion for summary judgment. In that motion, they
argued that appellees Michael Howe, Jerry Howe, and Peak Alarm
Company (Mr. Howe) failed to file suit within the period fixed by
the applicable statute of limitations. The City Employees contend
that parties with claims against the government must comply with
both the underlying statute of limitations that would apply if the suit
were between two private parties and the procedural requirements
of the Utah Governmental Immunity Act (UGIA).

¶2     We determine that the UGIA comprehensively governs claims against governmental parties such that plaintiffs are not bound to observe the statute of limitations that would apply to claims against private parties. Accordingly, we affirm the district court.

**BACKGROUND**

¶3     In June 2003, Michael Howe, an employee of Peak Alarm, called Salt Lake City Police Dispatch to request a response to a call from West High School, a client of Peak Alarm.[1] As a result of this incident, in July 2003 James Bryant, a Sergeant of the Salt Lake City Police Department, went to Peak Alarm's offices with another officer. *Peak Alarm Co. v. Salt Lake City Corp. (Peak Alarm I)*, 2010 UT 22, ¶ 10, 243 P.3d 1221. There, he fingerprinted and cited Mr. Howe under Salt Lake City Ordinance 5.08.095 for making a false alarm. *Id.* ¶¶ 4, 10. The case went to a jury trial in April 2004, where the justice court granted Mr. Howe's motion for a directed verdict "because prosecutors presented no evidence [he] knowingly or intentionally made . . . a false alarm." *Id.* ¶ 11 (second alteration in original) (internal quotation marks omitted).

¶4     In June 2004, Mr. Howe filed a notice of claim with Salt Lake City, presenting ten federal and state claims against the City, its Police Chief and Assistant Police Chief, Sgt. Bryant, and Shanna Werner, the alarm administrator for the police department. *Id.* ¶ 12. Included among the ten claims were counts of false arrest and defamation. *Id.* In April 2005, Mr. Howe filed a complaint in district court. *Id.* The district court granted summary judgment in favor of the City Employees on these and other state claims[2] on the ground that Mr. Howe had failed to comply with the procedural

---

[1] For a fuller narrative of the background to this case, *see Peak Alarm Co. v. Salt Lake City Corp. (Peak Alarm I)*, 2010 UT 22, ¶¶ 4–15, 243 P.3d 1221.

[2] The district court also granted summary judgment to the City Employees on the federal claims. *Peak Alarm I*, 2010 UT 22, ¶ 14. We affirmed that ruling with respect to all federal claims except one, that of unlawful seizure under 48 U.S.C. § 1983. *Id.* ¶¶ 89-90. Although the City Employees moved for summary judgment on this claim under the same statute of limitations argument as the one they raised against the state claims of defamation and false arrest, the City Employees did not appeal the denial of their motion with respect to the 1983 claim. The claim is therefore not at issue in the instant appeal.

requirements of the Utah Governmental Immunity Act (UGIA). *Id.* ¶ 14.

¶5      Mr. Howe appealed to this court. *Id.* ¶ 15. In that appeal, we reversed the grant of summary judgment on the state law claims. *Id.* ¶ 3. We held that "Mr. Howe provided a sufficient and timely notice of claims" under the UGIA, and remanded the state claims to the district court. *Id.* ¶¶ 3, 35.

¶6      On remand, the City Employees  again moved for summary judgment on all claims. They argued that the state defamation and false arrest claims were barred by the one-year statute of limitations provided by Utah Code section 78B-2-302(4).[3] The district court denied the motion, on the ground that the claims had been timely brought under the UGIA. The City Employees timely appealed. We have jurisdiction under Utah Code section 78A-3-102(3)(j).

## STANDARD OF REVIEW

¶7      "We review the district court's denial of [a] motion for . . . summary judgment . . . for correctness, according no deference to the district court's decision." *Acor v. Salt Lake City Sch. Dist.*, 2011 UT 8, ¶ 9, 247 P.3d 404. "Similarly, application of a statute of limitations . . . presents a question of law that we review for correctness." *Gillmor v. Summit Cnty.*, 2010 UT 69, ¶ 16, 246 P.3d 102.

## ANALYSIS

¶8      We first explain that *Peak Alarm I* did not decide the question before us in this appeal. We then determine that, since Mr. Howe's claims are against governmental parties, he was not required to comply with the statute of limitations governing claims against private parties.

## I. LAW OF THE CASE

¶9      Mr. Howe argues that in *Peak Alarm I* we implicitly held that his claims were timely filed not only with respect to the requirements of the UGIA but also with respect to the requirements

---

[3] The statute in effect at the time of the events underlying these claims, and the version cited by both parties in their briefs to this court, was numbered differently. *See* UTAH CODE § 78-12-29(4) (2003). Because this statute, as well as the relevant provisions of the UGIA, have been renumbered but not substantively amended in any way relevant to our analysis, we cite the version of the Utah Code currently in effect unless otherwise noted.

of Utah Code section 78B-2-302(4). Accordingly, Mr. Howe urges us to affirm the district court under the law of the case doctrine.

¶10    It is true that the City Employees, in their brief to this court in *Peak Alarm I*, argued that

> [e]ven assuming the trial court erred in dismissing these claims for failure to comply with the Immunity Act's notice of claim requirements, such error (if any) was harmless [because] Plaintiffs' False Arrest/Imprisonment claims would have been dismissed anyway for failure to comply with Utah's one-year statute of limitations, which provides that an action for "libel, slander, false imprisonment, or seduction" must be brought within one year.

Brief of Appellees at 31, *Peak Alarm I*, 2010 UT 22, 243 P.3d 1221 (No. 20080918). This issue had not been presented to the trial court. In our opinion, we held only that "Mr. Howe's notice was timely *under the UGIA.*" *Peak Alarm I*, 2010 UT 22, ¶ 35 (emphasis added). We did not discuss the one-year statute of limitations found in Utah Code section 78B-2-302(4).

¶11    Mr. Howe argues that our silence on the statute of limitations "suggest[s] that [we] viewed the UGIA's own one-year statute of limitations as the only relevant period." It does not. That statute was invoked by the City Employees in their *Peak Alarm I* brief in a highly cursory fashion, and was not addressed or analyzed by the court. We are unwilling to treat what is only an arguable (and implicit) holding as dispositive on the significant issue of the relationship between the UGIA and the generally applicable statutes of limitation under Title 78B.

¶12    In support of his law of the case argument, Mr. Howe cites *Utah Department of Transportation v. Ivers (Ivers II)*, 2009 UT 56, 218 P.3d 583. That case featured a condemnation action brought against a portion of a lot owned by Arby's. In the first appeal taken in that case, we had ruled that a right of view is a protectable property interest, and that, under certain circumstances, a property owner is entitled to severance damages for the loss of that interest. *Ivers v. Utah Dep't of Transp. (Ivers I)*, 2007 UT 19, ¶¶ 25-26, 154 P.3d 802. We then remanded to the district court for further proceedings consistent with our opinion. *Id.* ¶ 26. The district court then "allowed UDOT to amend its [condemnation] complaint . . . to exclude Arby's right of view." *Ivers II*, 2009 UT 56, ¶ 1.

4

¶13     On the second appeal, we held the following:

> UDOT's failure to make apparent in the record before *Ivers I* the theory that Arby's had no right of view, its stipulation prior to final judgment that no triable issues remained, and the *necessary implication* of Arby's right of view in our ruling in *Ivers I* prohibit UDOT from reframing the issue to its advantage after remand. Indeed, if UDOT had already owned the right of view, it should have raised this at the outset of the case rather than the conclusion. By not doing so, it forfeited the argument and led us to foreclose the issue in *Ivers I*. Accordingly, *because the trial court violated our mandate by exceeding the scope of remand*, we reverse and vacate its order granting UDOT's motion in limine and direct the trial court on remand to award appropriate severance damages to Arby's.

*Id.* ¶ 20 (emphases added). Mr. Howe argues that *Peak Alarm I* similarly "necessar[ily] impli[ed]" that his complaint was timely not only with respect to the UGIA but also with respect to the one-year statute of limitations in Title 78B. We disagree. After *Ivers I*, the district court on remand allowed UDOT to amend its complaint to evade application of the core holding of that opinion. In so doing, we held in *Ivers II*, the district court erroneously exceeded the scope of our remand. In contrast, here the district court merely entertained—and rejected—a successive affirmative defense, treating an issue on which we had not ruled in *Peak Alarm I*. This was not in excess of the scope of the remand. We did not address the applicability *vel non* of the Title 78B statutes of limitations in *Peak Alarm I*. We do so now.

## II. APPLICABLE LIMITATIONS PERIOD

¶14     This case requires us to consider the interaction between two portions of the Utah Code: Chapter 7 of Title 63G (the UGIA), and Chapter 2 of Title 78B (statutes of limitations).

¶15     Section 78B-2-102 of the Utah Code provides that "[c]ivil actions may be commenced only within the periods prescribed in this chapter, after the cause of action has accrued, *except in specific cases where a different limitation is prescribed by statute*." (Emphasis added). Section 78B-2-302(4) provides that "[a]n action may be brought within one year . . . for libel, slander, [or] false imprisonment."

¶16 The UGIA describes itself as a "single, comprehensive chapter govern[ing] all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority." UTAH CODE § 63G-7-101(2)(b). Under the UGIA, subject to a discovery rule, "a claim [against the government] arises when the statute of limitations that would apply if the claim were against a private person begins to run." *Id.* § 63G-7-401(1)(a). "[B]efore maintaining an action," persons with claims governed by the UGIA "shall file a written notice of claim with the [governmental] entity." *Id.* § 63G-7-401(2). A claim governed by the UGIA "is barred unless notice of claim is filed . . . according to the requirements of Section 63G-7-401 within one year after the claim arises." *Id.* § 63G-7-402.

> Within 60 days of the filing of a notice of claim, the governmental entity or its insurance carrier shall inform the claimant in writing that the claim has either been approved or denied. . . . A claim is considered to be denied if, at the end of the 60-day period, the governmental entity or its insurance carrier has failed to approve or deny the claim.

*Id.* § 63G-7-403(1)(a)–(b). "If the claim is denied, a claimant may institute an action in the district court . . . . The claimant shall begin the action within one year after denial of the claim or within one year after the denial period specified in this chapter has expired . . . ." *Id.* § 63G-7-403(2)(a)–(b).

¶17 In summary, the UGIA prescribes the following procedure for claims against the government: Within a year of the commencement of the statute of limitations that would apply if the claim were against a private person, a claimant must file a written notice of claim with the appropriate govermental entity. That claim is to be approved or denied within 60 days; if no action is taken, the claim is deemed denied at the end of that 60-day period. The claimant then has one year from the denial or constructive denial of the notice of claim to file an action in district court.

¶18 The City Employees argue that the procedural scheme of the UGIA does not replace the requirements of section 78B-2-302(4), but merely supplements those requirements. Thus, they argue Mr. Howe was obliged to comply with both sets of requirements. According to this theory, because Mr. Howe did not file suit within one year of the date on which his claims would have accrued had they been claims against non-governmental parties, the suit is barred

by the statute of limitations contained in 78B-2-302(4). This is the argument the district court rejected in denying the City Employees' motion for summary judgment. We also reject the argument, and affirm the district court's denial of the motion.

¶19  "When interpreting statutory language, our primary task is to give effect to the intent of the legislature." *Turner v. Staker & Parson Cos.*, 2012 UT 30, ¶ 12, 284 P.3d 600. "[W]e determine the statute's meaning by first looking to the statute's plain language . . . . Furthermore . . . its provisions [should be] interpreted in harmony with other provisions in the same statute and with other statutes under the same and related chapters." *State v. Schofield*, 2002 UT 132, ¶ 8, 63 P.3d 667 (internal quotation marks omitted). Additionally, "[s]pecific statutes control over more general ones." *State v. Lowder*, 889 P.2d 412, 414 (Utah 1994).

¶20  We note again that the plain language of the UGIA announces that it is a "single, comprehensive chapter govern[ing] all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority." UTAH CODE § 63G-7-101(2)(b). The UGIA further provides that "a claim [against governmental entities or employees] arises when the statute of limitations that *would* apply if the claim were against a private person begins to run." *Id.* § 63G-7-401(1)(a) (emphasis added). We read the conditional reference to "statute of limitations that *would* apply if the claim were against a private person," *id.* (emphasis added), to indicate that such statutes do *not* apply if the claim is not against a private person. Finally, Title 78B, Chapter 2 ("Statutes of Limitations") provides that "[c]ivil actions may be commenced only within the periods prescribed in this chapter, after the cause of action has accrued, *except in specific cases where a different limitation is prescribed by statute.*" *Id.* § 78B-2-102 (emphasis added). This provision clearly contemplates that the statutes of limitation in Title 78B may be displaced by other, more specific statutes.

¶21  Looking at the plain language of these statutes, reading them in harmony with each other, and being mindful that the specific controls the general, we reach the following conclusion: While a suit against a private party for defamation or false arrest must be brought within a year after the date on which the claim accrues, the UGIA contains "different limitation[s] . . . prescribed by statute." *Id.* The statute of limitations at section 78B-2-302(4) "would apply if the claim were against a private person," *id.* § 63G-7-401(1)(a), but here it does not apply, because the claim is against

governmental parties. Claims against governmental parties are comprehensively governed by the UGIA. *Id.* § 63G-7-101(2)(b). Therefore, only the UGIA's procedural requirements apply, and Mr. Howe was not required to comply with the statute of limitations in Title 78B.

¶22 The City Employees argue that "[t]here is no question that the Utah Legislature intended to limit defamation and false imprisonment claims to one year," and that statutes of limitations are intended to prevent injustice resulting from stale claims where evidence may be lost and memories may have faded. The City Employees further argue that the interpretation that Mr. Howe offers and that we accept "would completely ignore the Legislature's clear intent and negate the very purpose of Utah's one-year statute of limitation on these claims." We disagree. There is indeed no question that the legislature intended to limit defamation and false imprisonment claims to one year *when brought against private actors. See id.* § 78B-2-302(4). But there is a question as to whether the legislature intended to have that same limitations period apply to such claims *when brought against governmental actors. See id.* § 78B-2-102. In holding that it did not so intend, we are not ignoring the legislature's intent; we are honoring it.

¶23 The City Employees further argue that the provisions of the UGIA are not "different limitation[s] . . . prescribed by statute," *id.* § 78B-2-102. Rather, they argue, they are merely a "jurisdictional prerequisite[] to suit." The requirement to file a notice of claim within a year, *id.* § 63G-7–402, is arguably a "prerequisite[]" when viewed in isolation, but the provision that "[t]he claimant shall begin the action within one year after denial of the claim or within one year after the denial period specified in this chapter has expired," *id.* § 63G-7-403(2)(b), functions in all respects as a "different limitation . . . prescribed by statute," *id.* § 78B-2-102. Accordingly, the limitations period prescribed in Title 78B, Chapter 2, does not apply.

¶24 Our conclusion is bolstered by an examination of the history of these provisions. The relevant provisions now located in Title 78B were in place as early as 1933. At that date, the relevant portion of the code was Title 104, Chapter 2 ("Limitation of Actions"). *See* UTAH CODE § 104-2-1 (1933) ("Civil actions can be commenced only within the periods prescribed in this chapter, after the cause of action shall have accrued, except where in special cases a different limitation is prescribed by statute."); *id.* § 104-2-26(4) (one-year limitation on "[a]n action for libel, slander, . . . [or] false imprisonment").

¶25    The UGIA was passed in 1965. *See* Utah Governmental Immunity Act, 1965 Utah Laws 390–97. In its original form, it already contained the scheme described in this opinion, under which a claimant has one year to file a notice of claim, and then has one year from denial of that notice to file suit in district court. *See id.* § 12 ("A claim against the state or any agency thereof as defined herein shall be forever barred unless notice thereof is filed . . . *within one year* after the cause of action arises." (emphasis added)); *id.* § 15 ("If the claim is denied, a claimant may institute an action in the district court . . . . Said action must be commenced *within one year after denial* . . . ." (emphasis added)).

¶26    In passing the UGIA, therefore, the legislature created a procedural scheme under which "different limitation[s]" for claims of slander and false arrest against governmental actors than for such claims against private actors were "prescribed by statute." UTAH CODE § 78B-2-102. When the claim is against the government, or against its employees acting in their official capacity, the scheme provided by the UGIA replaces the limitations period for claims against private actors contained within Title 78B. The City Employees correctly argue that "[n]othing prevent[s]" claimants from complying with both sets of requirements. But that is not the question. The question is the intent of the legislature; the text and history of the UGIA reveal that the legislature intended it to "comprehensive[ly] . . . govern[] all claims" against governmental parties. *Id.* § 63G-7-101(2)(b).

¶27    Accordingly, Mr. Howe's claims are governed by the UGIA. We determined in *Peak Alarm I* that Mr. Howe had timely filed under the UGIA. 2010 UT 22, ¶ 35, 243 P.3d 1221. Today we clarify that the statute of limitations at Utah Code section 78B-2-302(4), which governs claims against private parties, does not apply

to Mr. Howe's suit.[4] We therefore affirm the district court's denial of the City Employees' motion for summary judgment.

## CONCLUSION

¶28    Today we hold that the UGIA's procedural requirements govern claims against governmental parties such that plaintiffs are not bound to observe the statute of limitations that would apply were their claims against private parties. Accordingly, we affirm the district court and remand for further proceedings consistent with this opinion.

---

[4] We note that our holding is limited to the interaction between the UGIA's procedural scheme and those statutes of limitations that apply to suits against private actors. We do not consider here the interaction between the one-year limitations period following denial or constructive denial of a notice of claim, UTAH CODE § 63G-7-403(2)(b), and other limitations periods of different lengths established elsewhere in the code for claims against the government. *Cf. Thorpe v. Washington City*, 2010 UT App 297, ¶¶14–15, 243 P.3d 500 (holding that claimants under the so-called "Whistleblower Act," UTAH CODE §§ 67-21-1 to -9, which applies only to claims against governmental actors, *see id.* § 67-21-2(4), are required to comply both with the UGIA and with the six-month limitations period under that Act). We neither adopt nor reject the holding of *Thorpe*, since that case concerns facts beyond the scope of our holding today.