# THE UTAH COURT OF APPEALS

GARY SCHLEGER AND PAMELA SCHLEGER,
Appellants,
*v.*
STATE OF UTAH AND UTAH STATE HOSPITAL,
Appellees.

Opinion
No. 20160775-CA
Filed May 3, 2018

Fourth District Court, Spanish Fork Department
The Honorable M. James Brady
No. 160300033

George L. Chingas Jr., Attorney for Appellants

Sean D. Reyes and Peggy E. Stone, Attorneys
for Appellees

JUDGE GREGORY K. ORME authored this Opinion, in which JUDGES
KATE A. TOOMEY and RYAN M. HARRIS concurred.

ORME, Judge:

¶1     Gary and Pamela Schleger appeal the district court's decision dismissing their medical malpractice and wrongful death action against the State and the Utah State Hospital (collectively, the State). The court concluded that, while the Schlegers had successfully complied with the prelitigation claims-review requirements of the Utah Health Care Malpractice Act (the HCMA), their suit was nevertheless time-barred under the Governmental Immunity Act of Utah (the GIA). The Schlegers maintain that the court erred in its interpretation of the applicable statutes. We disagree and therefore affirm.

BACKGROUND

¶2    This appeal comes to us in the wake of the tragic events surrounding the death of the Schlegers' twenty-nine-year-old daughter (Decedent). In May 2013, after a long battle with mental illness, Decedent was admitted to the Utah State Hospital for long-term inpatient treatment. Upon her arrival, she was immediately placed on suicide watch. Soon thereafter, Decedent's roommate alerted hospital staff that Decedent had begun making strange noises. Rushing into Decedent's room, staff members found her sitting next to her bed, with shoelaces wrapped tightly around her neck. Although staff members acted quickly in an attempt to save her, she had already lost consciousness by the time they managed to cut the laces off. Sadly, after spending three days on life support, Decedent was pronounced dead.

¶3    Following Decedent's death, the Schlegers decided to assert claims against the State for medical malpractice and wrongful death. Given that they wished to pursue a lawsuit against the government, however, they could not file their action without first satisfying certain procedural prerequisites arising under the GIA. Thus, consistent with section 63G-7-401 of the GIA, the Schlegers served a notice of their claims on the Utah Attorney General[1] on May 21, 2014, the last possible day in the one-year period in which they could do so. When the State failed to respond by July 20, 2014, the Schlegers' claims were deemed denied by operation of statute.[2] *See* Utah Code Ann.

---

1. *See* Utah Code Ann. § 63G-7-401(3)(b)(ii)(E) (LexisNexis 2016) ("The notice of claim shall be . . . directed and delivered . . . to the office of . . . the attorney general, when the claim is against the state[.]").

2. The State's failure to respond does not accord with best practices. As a matter of common courtesy, the Schlegers were

(continued…)

§ 63G-7-403(1)(b) (LexisNexis 2016). At that point, barring a tolling of the GIA's limitations period, the Schlegers had one year in which to commence their action against the State lest they lose their right to sue. *See id.* § 63G-7-403(2)(b).

¶4 But as of late July 2014, the Schlegers still had several procedural hurdles to surmount before they could file suit. Specifically, because they sought to assert claims for medical malpractice, they were required to comply with the prelitigation claims-review requirements set out in the HCMA. They did not begin this process until May 19, 2015—some ten months after the State was deemed to have denied their claims—when they served the State with a notice of their intent to sue for medical malpractice. *See id.* § 78B-3-412(1)(a) (LexisNexis 2012). Several weeks later, on July 17, 2015, the Schlegers took the next step in the claims-review process by submitting a formal request for prelitigation panel review to the Utah Division of Occupational and Professional Licensing (the Division). *See id.* § 78B-3-416(2)(a). On January 6, 2016, the Division provided the Schlegers with a certificate of compliance. *See id.* § 78B-3-418(1)(a)–(b). With that, the Division documented that it had finished its review and that the HCMA's prelitigation

---

(…continued)

owed some response to their notice of claim, if only to explain that the State did not accept responsibility for Decedent's death. And good manners aside, the Utah Legislature mandates that, "[w]ithin 60 days of the filing of a notice of claim, the governmental entity or its insurance carrier *shall* inform the claimant in writing that the claim has either been approved or denied." *Id.* § 63G-7-403(1)(a) (emphasis added). The need for recourse to subsection (1)(b), which provides that the claim will be deemed denied if the government or its insurer "has *failed* to approve or deny the claim" within 60 days, *id.* § 63G-7-403(1)(b) (emphasis added), should be a rarity and not the norm.

claims-review process was complete, leaving the Schlegers free to sue on their malpractice claim.

¶5 The Schlegers then brought this action in district court, *see id.* § 78B-3-412(1)(b), nearly two months later, on March 4, 2016. In response, the State filed a motion to dismiss on the ground that the Schlegers' complaint was untimely under the GIA's one-year statute of limitations.[3] After hearing oral argument on the motion, the district court agreed with the State and dismissed the Schlegers' suit with prejudice. The Schlegers appeal.

ISSUE AND STANDARD OF REVIEW

¶6 The Schlegers argue that the district court erred in concluding that the GIA's one-year statute of limitations is not subject to the HCMA's provision for tolling limitations statutes during the prelitigation claims-review process. "Issues of statutory interpretation are questions of law that we review for correctness," without according deference to the district court's decision. *In re R.B.F.S.*, 2012 UT App 132, ¶ 10, 278 P.3d 143 (citation and internal quotation marks omitted).

_____

3. In a sense, there are two limitations periods under the GIA. A claimant has one year in which to file her notice of claim. *See id.* § 63G-7-402. She then has another year from the time the claim is denied (or deemed denied) in which to bring suit. *See id.* § 63G-7-403(2)(b). It is undisputed that the Schlegers filed their notice of claim just before the first limitations period expired. The question to be decided is whether, in bringing their suit well beyond one year from when their claim was deemed denied, the Schlegers' suit was barred by the GIA's statute of limitations.

ANALYSIS

¶7 The Schlegers contend that the GIA's one-year statute of limitations was tolled while the HCMA's prelitigation claims-review process was underway. We agree with the district court that the limitations period continued to run and that the Schlegers' suit was therefore barred by the GIA's statute of limitations.

¶8 "[T]he law of sovereign immunity is set forth in the Governmental Immunity Act." *Craig v. Provo City*, 2016 UT 40, ¶ 14, 389 P.3d 423. The GIA "governs all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority." Utah Code Ann. § 63G-7-101(2)(b) (LexisNexis 2016). "A governmental entity and an employee of a governmental entity retain immunity from suit unless that immunity has been expressly waived in" the GIA. *Id.* § 63G-7-101(3).

¶9 Most relevant here, the GIA also includes a "statute of limitations for 'institut[ing] an action in the district court' against the government." *Craig*, 2016 UT 40, ¶ 16 (alteration in original) (quoting Utah Code Ann. § 63G-7-403(2)(a)). A litigant wishing to sue a governmental entity must begin by "fil[ing] a written notice of claim with the entity," *see* Utah Code Ann. § 63G-7-401(2) (LexisNexis 2016), and under the GIA's statute of limitations, the claim becomes time-barred unless it is filed in the district court "within one year after [the entity's] denial of the claim or within one year after the denial period . . . has expired," *id.* § 63G-7-403(2)(b). "A claim is considered to be denied if, at the end of the 60-day period [following the filing of the notice of claim], the governmental entity or its insurance carrier has failed to approve or deny the claim." *Id.* § 63G-7-403(1)(b).

¶10 The Schlegers do not dispute that, read in isolation, the GIA stands as a bar to their suit. Nevertheless, they maintain

that their action should be allowed to proceed because the GIA's statute of limitations must be read in conjunction with the tolling provision set out in the HCMA. That provision states that "[t]he filing of a request for prelitigation panel review . . . tolls the applicable statute of limitations until . . . 60 days following the Division's issuance of . . . (A) an opinion by the prelitigation panel . . . or (B) a certificate of compliance[.]" *Id.* § 78B-3-416(3)(a)(i) (LexisNexis 2012). To conclude that the GIA's statute of limitations is not subject to this provision would lead to an absurd result, they argue, because it would otherwise be "impossible" for litigants in their situation "to comply with both [the GIA and the HCMA] at the same time."

¶11    The question before us is one of statutory interpretation. "When interpreting statutes, our primary goal is to evince the true intent and purpose of the Legislature." *State v. Tooele County*, 2002 UT 8, ¶ 10, 44 P.3d 680 (citation and internal quotation marks omitted). And "[t]o discern the legislature's intent and purpose, we look first to the best evidence of a statute's meaning, the plain language of the act." *Id.* (citation and internal quotation marks omitted).

¶12    Upon examining the plain language of the HCMA, it is clear that the Legislature did not intend to deprive the State of the benefit of the GIA's one-year limitations period when it enacted the HCMA. Indeed, the HCMA contains a provision that speaks directly to the issue. Section 78B-3-415 of the HCMA provides that "[t]his part may not[4] affect the requirements for

---

4. The Schlegers contend that the Legislature's decision to use the phrase "may not," as opposed to "shall not," is significant. Pointing out that the word "may" is permissive in nature, they maintain that the word's presence here indicates that the provision was not intended to apply categorically; rather, they argue, the language of the provision allows courts to determine

(continued…)

filing notices of claims . . . [or] times for commencing actions . . . under the Utah Governmental Immunity Act." Utah Code Ann. § 78B-3-415 (LexisNexis 2012). Given this unambiguous language, the task of discerning legislative intent in this case is straightforward.

¶13   To be sure, under the regime created by the GIA's and the HCMA's statutory schemes, litigants seeking to assert medical malpractice claims against a governmental entity have a short window in which to satisfy the conditions precedent to filing suit. Nevertheless, by proceeding diligently and planning ahead, it is not impossible for litigants in the Schlegers' position to overcome the procedural challenges they face.

¶14   To demonstrate, we offer the following timeline, which assumes that the Schlegers were obliged to proceed as they did, sequentially, with the GIA-required claim first and the HCMA-required notice and request tendered only after the notice of claim was denied.[5] As we have explained, under the

---

(…continued)

on "a case by case basis" whether the HCMA modifies the notice or timeliness requirements of the GIA. Their argument is unavailing, especially because the rules of construction contained in the Utah Code expressly state that "'[m]ay not' means that an action is not authorized and is prohibited." *Id.* § 68-3-12(1)(h).

5. We are far from certain that this sequential process is required. Both the GIA and the HCMA require *pre-suit* actions, but nothing in either statute leads us to believe that the GIA notice of claim must precede the HCMA-required filings. If both pre-suit requirements can be pursued simultaneously, with appropriate transparency and cross-referencing, then the ability to hold the sovereign responsible for its medical malpractice is even less

(continued…)

GIA's statute of limitations a claimant has one year following the government's denial of her claim in which to file her complaint. *See* Utah Code Ann. § 63G-7-403(2)(b) (LexisNexis 2016). Thus, assuming she does not begin the process of complying with the HCMA until after the government denies her claim, the claimant has one year from the denial date to satisfy the HCMA's conditions precedent to suit. To comply with these conditions, the claimant must (1) "give[] the prospective defendant . . . at least 90 days' prior notice of intent to commence an action," *id.* § 78B-3-412(1)(a) (LexisNexis 2012); (2) "file a request for prelitigation panel review with the division," *id.* § 78B-3-416(2)(a); and (3) "receive[] a certificate of compliance from the division," *id.* § 78B-3-412(1)(b). Once the claimant has filed her panel-review request, the "division shall . . . complete a prelitigation hearing . . . within . . . 180 days," *id.* § 78B-3-416(3)(b)(ii)(A),[6] and "[t]he panel shall render its opinion in

_____

(…continued)

problematic, as illustrated in the first column of the chart appended to this opinion. Indeed, at oral argument counsel for the State represented that simultaneous pursuit in such cases is not only a theoretical possibility; it is the norm.

6. The HCMA also provides avenues for bypassing the prelitigation hearing requirement when "the prelitigation hearing has not been completed within" the prescribed 180-day period. *See* Utah Code Ann. § 78B-3-416(3)(c) (LexisNexis 2012). For instance, when a claimant believes "that the respondent [healthcare provider] has failed to reasonably cooperate in scheduling the hearing," she may "file an affidavit with the division" alleging facts to that effect. *Id.* § 78B-3-416(3)(c)(ii). "If the claimant files an affidavit" in accordance with that procedure, "within 15 days . . . the division shall determine whether . . . the respondent . . . failed to reasonably cooperate[.]" *Id.* § 78B-3-416(3)(d)(i). Finally, "if the determination is that the

(continued…)

writing not later than 30 days after the end of the proceedings," *id.* § 78B-3-418(2)(a). If the panel determines that the claims are meritorious, "[t]he division shall issue a certificate of compliance to the claimant." *Id.* § 78B-3-418(3)(a). Thus, if a claimant begins the process of satisfying the HCMA's conditions precedent on the day after the government denies her notice of claim, she can complete that process in 210 days, with some time to spare before the GIA's one-year limitations period expires.[7]

¶15 We recognize that the timeline we have outlined is a daunting one, allowing little room for delay and minimal opportunity for reflection or consultation. But given section 78B-3-415's clear statement that no provision in the HCMA may be construed to affect the GIA's timeliness rules, we can only conclude that this was the intent of the Legislature, harsh though the result may seem in this case. That said, the Schlegers waited almost an entire year after the State denied their notice of claim before submitting a request to the Division for a prelitigation panel review. Because we are bound to give effect to the plain meaning of the Legislature's enactments, we are powerless to rescue the Schlegers from the consequences of their decision to proceed at an unhurried pace.[8]

---

(…continued)

respondent failed to reasonably cooperate in the scheduling of a hearing, and the claimant did not fail to reasonably cooperate, the division shall, issue a certificate of compliance for the claimant[.]" *Id.* § 78B-3-416(3)(d)(ii)(A).

7. The second column in the chart contained in the appendix to this opinion illustrates the timeline we have just explained.

8. The Schlegers also contend that if the GIA's statute of limitations is not subject to the HCMA's tolling provision, then the GIA's application in their case violated the Open Courts

(continued…)

CONCLUSION

¶16    For the foregoing reasons, we conclude that the GIA's statute of limitations is not subject to the HCMA's tolling provision. We therefore affirm the decision of the district court.

————————

(…continued)
Clause of the Utah Constitution. However, the Schlegers correctly point out that statutes that do not abrogate a previously existing remedy are not unconstitutional under the Open Courts Clause. *See Petersen v. Utah Labor Comm'n*, 2017 UT 87, ¶ 26. In this case, the statutes in question did not abrogate a remedy; instead, they merely imposed time deadlines within which certain types of claims must be brought. Imposition of time deadlines to bring a cause of action generally does not violate the Open Courts Clause. *See Payne v. Myers*, 743 P.2d 186, 190 (Utah 1987). Indeed, we have concluded that the Schlegers were not precluded from bringing suit had they been more expeditious in pursuing their claim, and therefore the Schlegers' arguments under the Open Courts Clause are without merit.

APPENDIX

The following chart contains three columns: Simultaneous Compliance, Sequential Compliance, and The Schlegers. As these titles imply, each column contains a timeline of actions taken by, respectively, a litigant who complies with the GIA's and the HCMA's requirements at the same time; a litigant who complies with the GIA's and the HCMA's requirements sequentially; and, finally, what the Schlegers actually did. While we acknowledge that few *actual* litigants in the Schlegers' shoes are endowed with the powers of expeditiousness exhibited by the litigants we have contrived for purposes of this chart, given the realities of grieving, obtaining counsel, and deciding to bring suit, our fictitious litigants nevertheless serve as a useful demonstration of the timeframes actually available to litigants confronted with the Schlegers' basic situation.

| Days Following Allegedly Wrongful Death | Simultaneous Compliance | Sequential Compliance | The Schlegers |
|---|---|---|---|
| 1 | Litigant files GIA-Required Notice of Claim<br><br>Litigant gives HCMA-required 90 days' notice of intent to commence action; Litigant files request for prelitigation panel review | Litigant files GIA-Required Notice of Claim | |
| 61 | **State Denies GIA-Required Notice of Claim by Failing to Respond** | **State Denies GIA-Required Notice of Claim by Failing to Respond** | |
| 62 | | Litigant gives HCMA-required 90 days' notice of intent to commence action; Litigant files request for prelitigation panel review | |
| 181 | Panel completes prelitigation review hearing | | |
| 211 | Panel provides certificate of compliance | | |
| 212 | **Litigant files suit** | | |
| 242 | | Panel completes prelitigation review hearing | |
| 272 | | Panel provides certificate of compliance | |
| 273 | | **Litigant files suit** | |
| 365 | | | The Schlegers file GIA-Required Notice of Claim<br><br>(May 21, 2014) |

| Days Following Allegedly Wrongful Death | Simultaneous Compliance | Sequential Compliance | The Schlegers |
|---|---|---|---|
| 425 | | | **State Denies GIA-Required Notice of Claim by Failing to Respond** (July 20, 2014) |
| 426 | **Last Day to File Suit for GIA Purposes** | **Last Day to File Suit for GIA Purposes** | |
| 724 | | | The Schlegers give HCMA-required 90 days' notice of their intent to commence action (May 15, 2015) |
| 787 | | | The Schlegers request a prelitigation review panel (July 17, 2015) |
| 790 | | | **Last Day to File Suit for GIA Purposes** (July 20, 2015) |
| 960 | | | Panel provides Schlegers with certificate of compliance (January 6, 2016) |
| 1018 | | | **The Schlegers file suit** (March 4, 2016) |