2019 UT App 144

## THE UTAH COURT OF APPEALS

BIANCA MCGRAW,
Appellee,
*v.*
UNIVERSITY OF UTAH,
Appellant.

Opinion
No. 20180289-CA
Filed August 22, 2019

Third District Court, Salt Lake Department
The Honorable Gary D. Stott
No. 170902670

Sean D. Reyes and Peggy E. Stone, Attorneys
for Appellant

Stephen T. Hester and Kimberley L. Hansen,
Attorneys for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and JILL M. POHLMAN
concurred.

HAGEN, Judge:

¶1      The University of Utah (the University) appeals the district court's denial of the University's motion to dismiss Bianca McGraw's whistleblower action, arguing that McGraw failed to strictly comply with the requirements of the Governmental Immunity Act of Utah (the GIA). We agree with the University that McGraw did not wait the mandatory sixty days after delivering a valid notice of claim to the Utah Attorney General (the AG) before instituting this action and therefore she failed to strictly comply with the GIA. Accordingly, we reverse.

BACKGROUND

¶2    On September 28, 2016, the University hired McGraw as a clinical research coordinator for a physician. Soon after her employment began, she noticed "regulatory non-compliance issues" with one of the studies the physician was conducting. Over the next few weeks, McGraw repeatedly raised compliance concerns with the University's Institutional Review Board until she was terminated on October 27, 2016. The University explained that it did not appear that McGraw and the physician would "be[] able to work together long term, therefore, [she] was released from her employment."

¶3    A few days after her termination, McGraw filed complaints with the University's human resources department, asserting that her termination was improper and in retaliation for her raising concerns about the physician's non-compliance. After speaking with a few different University employees, she was told that the information would be passed "up the chain of command." Eventually, the University stopped contacting McGraw or responding to her inquiries regarding whether the University was going to investigate her complaints about the physician.

¶4    On February 23, 2017, McGraw delivered a letter with the subject line "Retaliation Complaint" (the February 23 Retaliation Complaint) to the University's General Counsel and the Employment Relations Administrator. In the February 23 Retaliation Complaint, she detailed her previous complaints, explained that she had not been able to gain employment following her termination, and stated that she was going to file a civil action for violations of the Utah Protection of Public Employees Act—also known as the Whistleblower Act (the WBA)—if the University did not respond.

¶5    On April 14, 2017, McGraw delivered a notice of claim (the April 14 Notice of Claim) to the AG's authorized agent, which included substantially the same information as the

February 23 Retaliation Complaint, with some additional details. Eleven days later, on April 25, 2017, McGraw filed a complaint in district court, alleging that the University took adverse employment action against her in violation of the WBA when she raised concerns about the physician's non-compliance. McGraw did not serve the complaint on the University until June 19, 2017.

¶6     The University moved to dismiss McGraw's complaint under rule 12(b)(1) of the Utah Rules of Civil Procedure. Among other things, the University argued that the February 23 Retaliation Complaint did not comply with the GIA because it was not delivered to the AG or the AG's authorized agent. *See* Utah Code Ann. § 63G-7-401(3)(ii)(b)(E), -401(3)(ii)(b)(G) (LexisNexis 2016). The University also argued that, assuming the April 14 Notice of Claim was valid,[1] the district court did not have subject matter jurisdiction over her case because McGraw did not wait sixty days for the University to approve or deny her notice of claim as required by the GIA and instead filed her complaint on April 25, 2017. McGraw opposed the motion, arguing, among other things, that the February 23 Retaliation Complaint complied with the GIA's requirements, even though it was delivered to the wrong person, because of her "good faith belief" that it "was sent to the correct governmental entity."

¶7     After hearing argument on the motion to dismiss, the district court announced its oral ruling and entered a written order denying the motion. The district court agreed with McGraw that although she had delivered the February 23 Retaliation Complaint to the wrong individual under the GIA, she had acted with "significant good faith compliance with the statutory requirements of both the [GIA] and the [WBA]." (Quotation simplified.)

---

1. At oral argument on appeal, the University conceded that the notice of claim filed on April 14, 2017, was valid and not untimely.

¶8　　The University filed this interlocutory appeal challenging the district court's denial of its motion to dismiss.

ISSUE AND STANDARD OF REVIEW

¶9　　The University argues that the district court erred in denying its motion to dismiss because McGraw failed to comply with the statutory requirements of the GIA. Specifically, the University argues that the February 23 Retaliation Complaint did not qualify as a notice of claim because McGraw delivered it to the wrong individual. And because no valid notice of claim was delivered to the State until April 14, 2017, the University contends that McGraw's complaint filed on April 25, 2017, did not comply with the sixty-day waiting period under the GIA.[2] "When determining whether a trial court properly granted a motion to dismiss, we accept the factual allegations in the complaint as true and consider them, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party." *Krouse v. Bower*, 2001 UT 28, ¶ 2, 20 P.3d 895. "Because the propriety of a motion to dismiss is a question of law, we review for correctness, giving no deference to the decision of the trial court." *Id.*; *see also Wheeler v. McPherson*, 2002 UT 16, ¶ 9, 40 P.3d 632 (explaining that when a district court dismisses a claim based on governmental immunity, that dismissal creates a question of law that appellate courts review for correctness). To determine whether the court erroneously denied the University's motion to dismiss, we must consider whether the court correctly interpreted the requirements of the GIA in conjunction with the WBA. *See generally Thorpe v.*

---

2. The University also argues that the court erroneously denied its motion to dismiss because (1) the February 23 Retaliation Complaint did not contain the necessary contents under the GIA and (2) McGraw failed to file the required undertaking when she filed the complaint. Because we reverse on other grounds, it is unnecessary to reach these arguments.

*Washington City*, 2010 UT App 297, ¶¶ 10–13, 243 P.3d 500. "The proper interpretation and application of a statute is a question of law which we review for correctness, affording no deference to the district court's legal conclusions." *Bott v. Osburn*, 2011 UT App 139, ¶ 5, 257 P.3d 1022 (quotation simplified).

## ANALYSIS

### I. The Governmental Immunity Act

¶10    The WBA "prohibits public employers from 'tak[ing] adverse action against an employee' who, in good faith, blows the whistle on the government by exposing, inter alia, 'waste of public funds, property, or manpower, or a violation or suspected violation of a law, rule, or regulation.'" *Thorpe v. Washington City*, 2010 UT App 297, ¶ 11, 243 P.3d 500 (quoting Utah Code Ann. § 67-21-3(1)(a) (LexisNexis 2004)). Governmental entities and their employees are generally "immune from suit for any injury that results from the exercise of a governmental function," Utah Code Ann. § 63G-7-201(1) (2016), but the GIA expressly waives immunity from suits alleging retaliation under the WBA, *id.* § 63G-7-301(2)(f).[3]

¶11    "While the GIA expressly waives immunity for suits to collect actual damages under the WBA, it does not waive the requirement that a notice of claim be filed pursuant to [Utah Code section 63G-7-401]." *Thorpe*, 2010 UT App 297, ¶ 12 (quotation simplified). "Thus, an employee may bring a WBA claim against a governmental entity, provided that the employee

---

3. We refer to the provisions of the Utah Code in effect at the time of McGraw's termination. *See Harvey v. Cedar Hills City*, 2010 UT 12, ¶ 12, 227 P.3d 256 ("As a general rule, when adjudicating a dispute we apply the version of the statute that was in effect at the time of the events giving rise to the suit." (quotation simplified)).

satisfies the GIA requirement of filing a notice of claim." *Id.* "Compliance with the [GIA] is a prerequisite to vesting a district court with subject matter jurisdiction over claims against governmental entities." *Wheeler v. McPherson*, 2002 UT 16, ¶ 9, 40 P.3d 632.

¶12 Under the GIA, a claimant must deliver a notice of claim to the governmental entity the claimant seeks to sue before pursuing the claim in district court. Utah Code Ann. § 63G-7-401(2) (LexisNexis 2016). The governmental entity then has sixty days after the notice of claim is received to approve or deny the claim. *Id.* § 63G-7-403(1)(a). If the governmental entity does not respond within sixty days, the claim is deemed denied. *Id.* § 63G-7-403(1)(b). Under subsection 63G-7-403(2)(a), a claimant may not "institute an action in the district court" until the claim is denied. *Id.* § 63G-7-403(2)(a). Thus, "[o]nce a [claimant's] notice of claim is filed, the [GIA] continues to bar its initiation in court until the [governmental entity] either denies the claim in writing or fails to act" for sixty days. *See Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶ 22, 24 P.3d 958.

¶13 The University argues that McGraw did not deliver a valid notice of claim until April 14, 2017, and therefore failed to comply with Utah Code section 63G-7-403 when she instituted her action by filing her complaint in district court on April 25, 2017, well before the sixty-day waiting period would have elapsed on June 13, 2017.

¶14 McGraw disputes the date that she delivered a valid notice of claim. She argues that the February 23 Retaliation Complaint constituted a valid notice of claim and therefore her claim would have been deemed denied on April 24, 2017— one day before she filed her complaint. Alternatively, McGraw argues that if the February 23 Retaliation Complaint does not constitute a valid notice of claim, the denial of the motion to dismiss can be affirmed based on the April 14 Notice of Claim. Although she filed her complaint on April 25, 2017, she contends that she complied with the GIA by waiting until June

19, 2017 to serve the complaint, after the sixty-day waiting period expired.

¶15   We must now determine whether the February 23 Retaliation Complaint constituted a valid notice of claim. Because we conclude it did not, we then address McGraw's alternative argument for affirmance based on the April 14 Notice of Claim. Specifically, we address whether McGraw instituted an action in district court for purposes of the GIA when she filed her complaint on April 25, or when she served the complaint on June 19.

A.      The February 23 Retaliation Complaint

¶16   Under the GIA, "[a]ny person having a claim against a governmental entity . . . shall file a written notice of claim with the entity before maintaining an action, regardless of whether or not the function giving rise to the claim is characterized as governmental." Utah Code Ann. § 63G-7-401(2) (LexisNexis 2016). "The notice of claim shall set forth: (i) a brief statement of the facts; (ii) the nature of the claim asserted; (iii) the damages incurred by the claimant so far as they are known; and (iv) if the claim is being pursued against a governmental employee individually as provided in Subsection 63G-7-202(3)(c), the name of the employee." *Id.* § 63G-7-401(3)(a). The "notice of claim shall be . . . directed and delivered . . . to the office of: . . . the attorney general, when the claim is against the state" or "the agent authorized by a governmental entity to receive the notice of claim by the governmental entity." *Id.* § 63G-7-401(3)(b)(ii)(E), -401(3)(b)(ii)(G). The GIA defines "State" as including, among other entities, state universities. *Id.* § 63G-7-102(10).

¶17   Here, because McGraw attempted to bring a claim against a state university, *see id.* § 63G-7-102(10), McGraw was required to deliver her notice of claim to the AG or the agent authorized by the AG, *see id.* § 63G-7-401(3)(b)(ii)(E), -401(3)(b)(ii)(G). But McGraw delivered the February 23 Retaliation Complaint to the

University's General Counsel and not the AG or the AG's authorized agent. It was not until April 14, 2017, that McGraw delivered a notice of claim to the AG.

¶18  Our supreme court has "consistently and uniformly held that suit may not be brought against the state or its subdivisions unless the requirements of the [GIA] are strictly followed." *Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶ 23, 24 P.3d 958. "In other words, where the government grants statutory rights of action against itself, any conditions placed on those rights must be followed precisely." *Id.* Because the GIA "demands strict compliance" with notice of claim delivery requirements, the February 23 Retaliation Complaint was not a valid notice of claim because it was not directed and delivered to the appropriate office. *See Wheeler v. McPherson*, 2002 UT 16, ¶ 13, 40 P.3d 632.

¶19  In arguing that the February 23 Retaliation Complaint should nonetheless be considered a valid notice of claim, McGraw relies on the "good faith" exception to the requirement that the notice of claim be delivered to the correct governmental entity. The district court agreed with McGraw, finding that "there was significant good faith compliance with the statutory requirements of both the [GIA] and the [WBA]." (Quotation simplified.) But the GIA requires strict compliance, and the statutory "good faith" exceptions available at the time did not apply to McGraw.

¶20  The statutory exception for filing a notice of claim in good faith upon the wrong governmental entity does not apply to the facts of this case. Utah Code section 63G-7-401(3)(b) lists various governmental entities—such as the state, cities and towns, counties, school districts, and special service districts—and provides that notices of claims must be directed to certain offices or individuals within those entities. Utah Code Ann. § 63G-7-401(3)(b) (LexisNexis 2016); *see also id.* § 63G-7-102(3) (defining "governmental entity"). The good faith exception provides that "[a] governmental entity may not challenge the

timeliness . . . of a notice of claim" if the claimant delivered a notice of claim that is otherwise "in accordance with the requirements of this section" but delivered it to the "incorrect governmental entity . . . in the good faith belief that the claimant" delivered it to the correct governmental entity. *Id.* § 63G-7-401(8)(b).

¶21 Here, McGraw did not deliver the February 23 Retaliation Complaint to the wrong governmental entity. She did not, for example, mistakenly direct it to Salt Lake County and deliver it to the county clerk. *See id.* § 63G-7-401(3)(b)(ii)(B). Instead, she directed it to the correct governmental entity (the state) but not to the correct office or agent of the state (the AG). *See id.* § 63G-7-401(3)(b)(ii)(E). At the time McGraw filed the February 23 Retaliation Complaint, the statute contained no exception for filing a notice of claim on the correct governmental entity but to someone other than the designated agent.[4] *See id.* § 63G-7-401. Therefore, McGraw cannot rely on the "good faith" exception to the filing requirement under subsection 63G-7-401(8).

¶22 McGraw similarly cannot rely on subsection 63G-7-401(7), which provides that "[a] governmental entity may not challenge

---

4. The legislature recently enacted an amendment to the GIA that provides an additional exception where a claimant fails to deliver the notice of claim to the correct office or agent. Effective as of May 14, 2019, and now codified in Utah Code section 63G-7-401(8)(b), a governmental entity may no longer challenge the timeliness of a notice of claim if the claimant delivers the notice to "an elected official or executive officer of the correct governmental entity but not to the correct office under Subsection (3)(b)(ii)," and contemporaneously sends a copy of the notice of claim to an attorney representing the correct governmental entity or is not notified of the delivery defect within sixty days. H.B. 311 Substitute, 63d Leg., Gen. Sess. (Utah 2019).

the validity of a notice of claim on the grounds that it was not directed and delivered to the proper office or agent if the error is caused by the governmental entity's failure to file or update the statement" designating "the office or agent designated to receive a notice of claim." *Id.* § 63G-7-401(7), (5)(a)(ii). McGraw has not alleged that the State failed to "file a statement with the Division of Corporations and Commercial Code within the Department of Commerce" identifying the proper office or agent. Utah Code Ann. § 63G-7-401(5), (7).

¶23  Because the GIA "demands strict compliance," *Wheeler*, 2002 UT 16, ¶ 13, the district court erred in denying the motion to dismiss based on McGraw's "significant good faith compliance with the statutory requirements." The February 23 Retaliation Complaint did not constitute a valid notice of claim as it was not delivered to the proper office as required by section 63G-7-401.

B.     The April 14 Notice of Claim

¶24  Because we conclude that the February 23 Retaliation Complaint did not constitute a valid notice of claim, we must next decide whether, in violation of the GIA, McGraw prematurely "institute[d] an action in the district court" less than sixty days after her April 14 Notice of Claim. Utah Code Ann. § 63G-7-403(2)(a) (LexisNexis 2016).[5] The University argues that

---

5. In her brief and at oral argument, McGraw quoted language from the current version of the statute, which allows a claimant to "pursue an action in district court" once a claim is denied in writing or deemed denied after sixty days. Utah Code Ann. § 63G-7-403(2)(a) (LexisNexis Supp. 2017). However, the statutory amendment in which the phrase "institute an action" was replaced with "pursue an action" did not become effective until May 9, 2017. *See id.* McGraw has not explained why we would apply a version of the statute that became effective two weeks after her complaint was filed.

McGraw instituted her action in district court by *filing* her complaint on April 25, 2017, before the expiration of the sixty-day period afforded to the University to consider her claim. McGraw, on the other hand, argues that she complied with this provision because "she *served* her complaint on the University on June 19, 2017, which was more than 60 days after" the April 14 Notice of Claim was delivered. (Emphasis added.)

¶25　McGraw's argument is foreclosed by existing case law, which has consistently interpreted section 63G-7-403(2) to bar the act of filing a complaint in the district court until the expiration of the sixty-day waiting period. In *Hall v. Utah State Dep't of Transp.*, 2001 UT 34, 24 P.3d 958, the Utah Supreme Court applied the waiting period under the GIA to a whistleblower action such as this one. The court explained that "[o]nce a plaintiff's notice of claim is filed, the [the GIA] continues to bar its initiation in court until the state either denies the claim in writing or fails to act" within the time provided. *Id.* ¶ 22. The court treated the phrase "institute an action" in section 63G-7-403(2) as synonymous with "filing suit." *Id.* ¶ 26.

¶26　Later, in *Thorpe v. Washington City*, 2010 UT App 297, 243 P.3d 500, this court similarly addressed the interplay between the GIA and the WBA. The WBA requires a plaintiff to "bring a civil action" within 180-days of the alleged violation. Utah Code Ann. § 67-21-4(2). This court noted that the phrase "civil action" is "a term of art, and a rather precise one at that." *Thorpe*, 2010 UT App 297, ¶ 15. Under the Utah Rules of Civil Procedure, "A civil action is commenced (1) by filing a complaint with the court, or (2) by service of a summons together with a copy of the complaint[.]" Utah R. Civ. P. 3(a). Construing the WBA's 180-day limitation period and the GIA's 60-day waiting period together, this court held that "the plaintiff must submit the notice of claim before the elapse of 120 days from the date of the alleged WBA violation so that, after the governmental entity either denies or fails to approve the notice of claim within 60 days, the plaintiff may still file a timely complaint within the

WBA's 180-day statutory period." *Thorpe*, 2010 UT App 297, ¶ 21.

¶27 McGraw has provided no statutory interpretation analysis to justify revisiting the long-standing assumption that "institute an action" in section 63G-7-403(2) means filing a complaint. Applying this accepted interpretation, McGraw was not permitted to file her complaint in district court until the April 14 Notice of Claim was denied or deemed denied. *Id.*; *see also* Utah Code Ann. § 63G-7-403(2). The April 14 Notice of Claim was neither denied in writing nor deemed denied by the passage of sixty days before she filed her complaint on April 25, 2017. She therefore prematurely instituted her action in district court. Because strict compliance with the GIA "is a prerequisite to vesting a district court with subject matter jurisdiction over claims against governmental entities," *Wheeler v. McPherson*, 2002 UT 16, ¶ 9, 40 P.3d 632, the University was entitled to dismissal.

CONCLUSION

¶28 We conclude that the district court erroneously denied the University's motion to dismiss. McGraw did not deliver a valid notice of claim to the AG or the AG's authorized agent until April 14, 2017. By filing her complaint on April 25, 2017, McGraw impermissibly "institute[d] an action in the district court" before the expiration of the sixty-day waiting period. *See* Utah Code Ann. § 63G-7-403(a)(a) (LexisNexis 2016). Because McGraw did not strictly comply with the requirements of the GIA, we reverse the district court's denial of the University's motion to dismiss and remand for the court to grant the University's motion.

_____