2020 UT App 113

# THE UTAH COURT OF APPEALS

DARREN PEAD,
Appellee,
*v.*
EPHRAIM CITY,
Appellant.

Opinion
No. 20190416-CA
Filed August 6, 2020

Sixth District Court, Manti Department
The Honorable M. James Brady
No. 190600006

Nathan R. Skeen, Maralyn M. English, and
Nathanael J. Mitchell, Attorneys for Appellant

Erik Strindberg, Kass Harstad, and Cameron Platt,
Attorneys for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which
JUDGES KATE APPLEBY and RYAN M. HARRIS concurred.

POHLMAN, Judge:

¶1 Ephraim City appeals the district court's denial of its motion to dismiss Darren Pead's complaint against it for violations of Utah's Whistleblower Act. The City argues that Pead's complaint is time-barred and that, in concluding otherwise, the district court erroneously calculated the applicable sixty-day period for the City to respond to Pead's notice of claim. On this basis, the City asks that we reverse and remand the case with instructions to dismiss Pead's claim with prejudice. We agree and reverse.

BACKGROUND[1]

¶2 Between October 2015 and June 28, 2017,[2] Pead was employed as a police officer for the City. In early June, Pead and other officers reported to the City illegal misconduct in the police department involving incomplete reports and uninvestigated crimes. Following an investigation by Utah County, Pead resigned effective June 28. In his notice of resignation, Pead explained that he had no choice but to resign given the illegal conduct and retaliation against him.

¶3 On October 25, Pead filed a written notice of claim with the City pursuant to the Governmental Immunity Act of Utah (the GIA), *see* Utah Code Ann. §§ 63G-7-401 to -403 (LexisNexis 2016 & Supp. 2017), claiming that he had been wrongfully terminated in violation of the Utah Protection of Public Employees Act—also known as the Whistleblower Act (the WBA), *see id.* § 67-21-4 (2016); *see also id.* § 63G-7-301(2)(f) (Supp. 2017) (providing that immunity from suit is waived for "actual damages" suits "under Title 67, Chapter 21," of the WBA).[3] Pead then filed suit in federal district court on December 26, claiming violations of the WBA and the First Amendment to the United

---

1. In reviewing the district court's grant of a motion to dismiss, we accept the factual allegations in the complaint as true and recite the facts accordingly. *Russell v. Standard Corp.*, 898 P.2d 263, 264 (Utah 1995).

2. All events relevant to the issue of whether the district court erred by concluding that Pead's complaint was not time-barred occurred in 2017. For ease of reference, we refrain from including the year when identifying the dates involved.

3. Unless otherwise indicated, we cite the statutes in effect in 2017 at the time of the relevant events.

States Constitution. As of December 26, 181 days had elapsed since Pead's resignation in June.

¶4     The federal court dismissed Pead's First Amendment claim and declined to exercise supplemental jurisdiction over the whistleblower claim. Pead then filed the present action in state district court, again alleging violations of the WBA.

¶5     The City moved to dismiss the complaint. It argued that the district court was deprived of subject matter jurisdiction because Pead had not timely complied with the intersecting filing requirements of the GIA and the WBA. *See generally Thorpe v. Washington City*, 2010 UT App 297, ¶¶ 18–21, 243 P.3d 500 (construing the GIA and the WBA to require an employee "to file a notice of claim *and* a civil action—i.e., a district court complaint—within 180 days" of the adverse employment action (cleaned up)).

¶6     As applied to Pead, the City explained that under the GIA, it had sixty days from the filing of Pead's notice of claim to approve or deny it and that Pead could not file a legal action until after the City responded or the sixty days elapsed. Pead filed his notice of claim on October 25, and the sixtieth day fell on December 24. Noting that December 24 was a Sunday, and Monday, December 25 was a legal holiday, the City invoked a statutory rule of construction to argue that December 24 and December 25 were excluded from the time period calculation and that the time for it to respond to the notice of claim did not elapse until Tuesday, December 26. *See* Utah Code Ann. § 68-3-7 (LexisNexis 2016) (excluding weekends and legal holidays from the last day of any time period provided by law to "perform an act"). As a result, the City contended that, under the GIA, the earliest Pead could have filed his WBA action would have been December 27. Thus, his December 26 complaint was filed prematurely under the GIA, and a filing on December 27 (182

days from the date of his resignation) would have been too late under the WBA's 180-day statute of limitations.

¶7     In response, Pead argued that the GIA's sixty-day period for responding to the notice of claim could not be extended under computation of time rules because the claim was deemed denied by operation of law on the sixtieth day—in this case, December 24. Pead also asserted that he timely filed his complaint within the 180-day limitations period under the WBA, arguing that rule 6 of the Utah Rules of Civil Procedure applied to extend the last day for filing his complaint from December 25—a legal holiday and the 180th day after his resignation—to December 26, the date he filed his original complaint in federal court. *See* Utah R. Civ. P. 6(a) (explaining how to compute time periods specified in court rules, court orders, and statutes that do not specify a method for computing time).

¶8     The district court denied the City's motion. Noting that the timeliness of Pead's complaint was "determined by the intersection" of the GIA and the WBA, the court first concluded that the complaint was timely filed under the 180-day limitations period of the WBA. The court applied rule 6 of the Utah Rules of Civil Procedure to determine that, although the "terminal date" from Pead's resignation was December 25, rule 6 operated to extend the filing period to December 26. The court then determined that the sixty-day notice of claim period under the GIA ended on December 24. Rejecting the City's argument for time computation under Utah Code section 68-3-7, the court relied on Utah caselaw to support its conclusion that the "60-day cutoff [under the GIA] ends at precisely 60 days, even when it occurs on a weekend." On this basis, the court determined that the sixty-day period ended on December 24, sixty days from the date the notice of claim was filed on October 25. As a result, the court concluded that Pead satisfied both statutes by filing his complaint on December 26.

¶9     Pursuant to rule 5 of the Utah Rules of Appellate Procedure, the City petitioned for interlocutory appeal of the district court's denial of its motion to dismiss, and we granted the petition.

ISSUES AND STANDARDS OF REVIEW

¶10     The City challenges the district court's denial of its motion to dismiss. Specifically, the City argues that the district court "erroneously concluded that the statutory notice of claim period terminated after 60 days, despite the final day landing on a weekend." Second, and relatedly, the City argues that the court erred in denying its motion to dismiss because Pead failed to "file his notice of claim with sufficient time under the [GIA] to allow him to comply with the 180-day statute of limitations under the [WBA]." "A trial court's decision to dismiss a case based on governmental immunity is a determination of law that we afford no deference." *Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶ 11, 24 P.3d 958. Likewise, the City's challenge requires that we interpret the relevant statutes, and we "review questions of statutory interpretation for correctness, affording no deference to the district court's legal conclusions." *Grimm v. DxNA LLC*, 2018 UT App 115, ¶ 14, 427 P.3d 571 (cleaned up).

ANALYSIS

¶11     The City argues that the district court erred by concluding that the sixty-day notice of claim response period under the GIA ended on December 24 and, by extension, that Pead's complaint was timely filed under the WBA's 180-day limitations period. We agree.

¶12     This case involves the intersection of timelines in the GIA and the WBA. The GIA generally immunizes "each

governmental entity and each employee of a governmental entity . . . from suit for any injury that results from the exercise of a governmental function." Utah Code Ann. § 63G-7-201(1) (LexisNexis 2016). But the GIA waives that immunity in certain cases, including from suits against a governmental entity for actual damages "under Title 67, Chapter 21," of the WBA. *See id.* § 63G-7-301(2)(f) (Supp. 2017); *see also McGraw v. University of Utah*, 2019 UT App 144, ¶ 10, 449 P.3d 943 ("[T]he GIA expressly waives immunity from suits alleging retaliation under the WBA." (cleaned up)). The WBA, in turn, prohibits an employer from taking adverse actions against an employee for the employee's "good faith" communications regarding, among other things, "a violation or suspected violation of a law, rule, or regulation adopted under the law of this state [or] a political subdivision of this state" or, "as it relates to a state government employer," "gross mismanagement," "abuse of authority," or "unethical conduct." Utah Code Ann. § 67-21-3(1)(a) (LexisNexis 2016). *See generally Thorpe v. Washington City*, 2010 UT App 297, ¶¶ 11–12, 243 P.3d 500 (describing the overall operation of both the GIA and the WBA).

¶13 Our courts have "consistently and uniformly held that suit may not be brought against the state or its subdivisions unless the requirements of the [GIA] are strictly followed," in that "any conditions placed on [a statutory right of action] must be followed precisely." *Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶ 23, 24 P.3d 958; *accord McGraw*, 2019 UT App 144, ¶ 18; *see also Wheeler v. McPherson*, 2002 UT 16, ¶ 12, 40 P.3d 632 ("Applying this rule of strict compliance, we have repeatedly denied recourse to parties that have even slightly diverged from the exactness required by the [GIA]."). Indeed, "[c]ompliance with the [GIA] is a prerequisite to vesting a district court with subject matter jurisdiction over claims against governmental entities." *Wheeler*, 2002 UT 16, ¶ 9.

¶14　One of the GIA requirements that must be "strictly followed" is filing the notice of claim and allowing the governmental entity sixty days to respond before filing a complaint in court. *See Hall*, 2001 UT 34, ¶¶ 21–26; *accord McGraw*, 2019 UT App 144, ¶¶ 12, 18, 24–27; *Thorpe*, 2010 UT App 297, ¶ 12 ("[A]n employee may bring a WBA claim against a governmental entity, provided that the employee satisfies the GIA requirement of filing a notice of claim."). More specifically, under the GIA, once a notice of claim has been properly filed, *see* Utah Code Ann. § 63G-7-402 (LexisNexis 2016), "[w]ithin 60 days . . . the governmental entity . . . shall inform the [employee] in writing that the claim has either been approved or denied," *id.* § 63G-7-403(1)(a) (Supp. 2017). If the governmental entity does not "approve or deny the claim" "at the end of the 60-day period," the claim is "considered to be denied." *Id.* § 63G-7-403(1)(b). Significantly, "[o]nce a plaintiff's notice of claim is filed, the [GIA] continues to bar its initiation in court until the [governmental entity] either denies the claim in writing or fails to act." *Hall*, 2001 UT 34, ¶ 22 ("Only after the [governmental entity] has had the opportunity to consider the claim for [the requisite time period] is suit against the government allowed."); *accord McGraw*, 2019 UT App 144, ¶ 25 (explaining that "existing case law . . . has consistently interpreted [the GIA] to bar the act of filing a complaint in the district court until the expiration of the sixty-day waiting period"); *Thorpe*, 2010 UT App 297, ¶¶ 20–21.

¶15　Once the sixty-day notice of claim period has expired, the WBA's 180-day statute of limitations applicable to whistleblower claims comes into play. *See Thorpe*, 2010 UT App 297, ¶¶ 18–21. Under the WBA, "an employee who alleges a violation . . . may bring a civil action for appropriate injunctive relief, damages, or both, within 180 days after the occurrence of the alleged violation." Utah Code Ann. § 67-21-4(1)(a) (LexisNexis 2016). Significantly, as this court explained in *Thorpe*, when construed

and applied together, "the WBA's provisions—including its 180-day statutory period for filing a complaint—govern over the more general GIA provisions." 2010 UT App 297, ¶ 20. This means that a plaintiff seeking relief under the WBA is required to "file a notice of claim *and* a civil action—i.e., a district court complaint—within 180 days" of the adverse employment decision. *Id.* (cleaned up).

¶16 As a practical matter, plaintiffs seeking to assert claims against governmental entities under the WBA must therefore "proceed more quickly than either the WBA or the GIA would suggest when their respective terms are considered in isolation." *Id.* ¶ 21. "[B]ecause the GIA requires that the governmental entity be allowed 60 days to review the notice of claim and approve or deny it, it follows that the plaintiff must submit the notice of claim before the elapse of 120 days from the date of the alleged WBA violation so that, after the governmental entity either denies or fails to approve the notice of claim within 60 days, the plaintiff may still file a timely complaint within the WBA's 180-day statutory period." *Id.* (cleaned up).

¶17 Here, neither party disputes the applicability of the sixty-day and 180-day periods under the GIA and the WBA or that both the notice of claim and the civil action filed in federal court had to be filed within 180 days of the adverse employment action—Pead's June 28 resignation. Rather, the parties dispute how those time periods ought to be computed for purposes of counting days.

¶18 The City argues that the sixty-day notice of claim period should have been counted according to Utah Code section 68-3-7 or rule 6 of the Utah Rules of Civil Procedure, either one of which would have given it until December 26 to respond to Pead's notice of claim (with the result that Pead could not have filed his complaint in federal court until December 27—182 days

from his resignation). *See* Utah Code Ann. § 68-3-7 (LexisNexis 2016); Utah R. Civ. P. 6(a)(1).

¶19    Pead, on the other hand, argues that the district court got it right. He contends that under the relevant provisions of the GIA, his notice of claim was automatically deemed denied on the sixtieth day, regardless of whether that day fell on a weekend or a legal holiday, which would have been December 24. On this basis, he argues that his civil action under the WBA was timely filed on December 26.

¶20    The resolution of this appeal therefore hinges on whether the district court erred in its computation of the sixty-day notice of claim period. If it did not, and the sixty days expired by operation of law on December 24, then Pead's December 26 complaint was not prematurely filed under the GIA (and was timely under the WBA). In contrast, if the district court erred in its computation and instead ought to have excluded December 24 and December 25, then the notice of claim period extended through December 26, rendering the filing premature.

¶21    This issue is one of statutory interpretation. "When interpreting statutes, our primary goal is to evince the true intent and purpose of the Legislature." *Schleger v. State*, 2018 UT App 84, ¶ 11, 427 P.3d 300 (cleaned up). "As we have often noted, the best evidence of the legislature's intent is the plain language of the statute itself." *Monarrez v. Utah Dep't of Transp.*, 2016 UT 10, ¶ 11, 368 P.3d 846 (cleaned up). In discerning legislative intent, "we seek to render all parts thereof relevant and meaningful, and we accordingly avoid interpretations that will render portions of a statute superfluous or inoperative." *Thorpe*, 2010 UT App 297, ¶ 18 (cleaned up). We also "do not interpret the plain meaning of a statutory term in isolation" and instead "determine the meaning of the text given the relevant context of the statute." *Monarrez*, 2016 UT 10, ¶ 11 (cleaned up). As a result, "we read the plain language of the statute as a whole, and

interpret its provisions in harmony with other statutes in the same chapter and related chapters." *Id.* (cleaned up).

¶22    We begin by addressing whether the district court erred in determining that the sixty-day notice of claim time period under the GIA elapsed on December 24, and we ultimately conclude that the court erred. We then address the consequences of the court's error as it pertains to the timeliness of Pead's filing under the WBA.

## I. Timeliness Under the GIA

¶23    As explained above, the GIA provides that governmental entities have sixty days to approve or deny a claim. *See* Utah Code Ann. § 63G-7-403(1) (LexisNexis Supp. 2017). However, the GIA does not instruct how to compute those sixty days. For example, the GIA does not state whether the day the notice of claim was filed is included in the computation. Similarly, and of particular significance here, the GIA does not state how the time is computed when the sixtieth day falls on a weekend or a legal holiday. *See generally id.* §§ 63G-7-101 to -904 (LexisNexis 2016 & Supp. 2017).

¶24    But the fact that the GIA does not answer these questions does not mean that the legislature has left us without guidance. Indeed, the legislature has adopted a statutory provision instructing on this very issue. Title 68, Chapter 3, of the Utah Code addresses how the legislature intends statutes of the Utah Code to be construed. *See id.* §§ 68-3-1 to -14; *see also State Board of Land Comm'rs v. Ririe*, 190 P. 59, 63 (Utah 1920) (Thurman, J., concurring) ("Rules of construction adopted by the Legislature are entitled to serious consideration in arriving at the intent and meaning of the statutes."). And as the City points out, Utah Code section 68-3-7 expressly sets forth a specific method for computing time periods described in statutes. It provides,

(1) A person shall compute the period of time provided by law to perform an act by: (a) excluding the first day; and (b) except as provided in Subsection (2), including the last day.

(2) If the last day is a legal holiday, a Saturday, or a Sunday, then a person shall: (a) exclude the day described in this Subsection (2) from the time computation described in Subsection (1); and (b) compute the period of time to include the end of the next day that is not a legal holiday, a Saturday, or a Sunday.

Utah Code Ann. § 68-3-7 (2016). On its face, section 68-3-7 thus provides a method of computation specifically applicable to statutes that include stated time periods to perform an act, such as responding to a notice of claim filed pursuant to the GIA. *See Monarrez v. Utah Dep't of Transp.*, 2016 UT 10, ¶ 11, 368 P.3d 846; *Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶ 15, 24 P.3d 958. In this respect, we agree with the City that section 68-3-7 provides an "unambiguous metholog[y] for calculating statutory deadlines that fall on a weekend or holiday" as applied to the GIA's notice of claim provisions.

¶25    Nevertheless, Pead offers several arguments against section 68-3-7's application to this case, none of which we find persuasive.

¶26    First, the district court rejected application of section 68-3-7 to compute the notice of claim time period in large part by determining that "Utah appellate courts have found in multiple cases that [the] 60-day cutoff [for notice of claims under the GIA] ends at precisely 60 days, even when it occurs on a weekend." Pead echoes this, arguing that "prior appellate decisions show" that his notice of claim was "denied by operation of law" on December 24.

¶27    In this respect, Pead urges that *Monarrez v. Utah Department of Transportation*, 2016 UT 10, 368 P.3d 846, in particular ought to be read as supporting the conclusion that the sixty-day period ended on Sunday, December 24, and he, like the district court, cites *Craig v. Provo City*, 2016 UT 40, 389 P.3d 423, and *Schleger v. State*, 2018 UT App 84, 427 P.3d 300, for additional support. But these cases did not render any holding with respect to *how* the sixty-day period should be computed; that question was not at issue in any of them and therefore was not decided. Indeed, none of these cases even name or note the specific day of the week on which the last of the sixty-day period apparently fell, fairly suggesting that the specific day of the week was neither sufficiently cognizable to the courts in those cases nor imperative to their resolution. As a result, the cases relied on by Pead (and the district court) shed no light on how the sixty-day notice of claim period ought to be computed.[4]

---

4. Pead makes much of footnote 3 in *Monarrez v. Utah Department of Transportation*, 2016 UT 10, 368 P.3d 846, as support for the idea that Pead's notice of claim was deemed denied on Sunday, December 24. That footnote was attached to a statement in the case's background section stating that Monarrez's claim "was considered to be denied no later than October 24, 2011," and it states: "The parties treated October 24, 2011, as the cut-off date below, though it appears the actual date was October 23. Regardless of which of those two days applies, the outcome is the same in this case." *Id.* ¶ 3 & n.3 (cleaned up).

We do not view footnote 3 in *Monarrez* as rendering any helpful statement about how the notice of claim period ought to be computed. As explained, the court stated that its observation was immaterial to its decision, and it evinced no awareness of which days of the week applied to the dates it identified. Further, it is unclear what method the court used to compute its

(continued…)

¶28 Second, we are not persuaded by Pead's argument that Utah Code section 68-3-7 cannot be applied to section 63G-7-403 to compute the notice of claim period. Pead points out that section 68-3-7 "*only* extends the time for the *performance* of an act." And he claims that section 68-3-7 does not apply to subsection (1)(b) of section 63G-7-403 because a notice of claim is deemed denied under that provision due to inaction by the governmental entity. In other words, because the government need not act for a notice of claim to be deemed denied under subsection (1)(b), the computation rules in section 68-3-7 do not apply. We disagree.

¶29 Pead is correct that, at the time, section 63G-7-403 of the GIA provided two alternative avenues for the notice of claim to be denied—either a written denial under subsection (1)(a) or a deemed denial under subsection (1)(b). *See Monarrez*, 2016 UT 10, ¶¶ 10–18, 26 (explaining that subsections (1)(a) and (1)(b) provide "mutually exclusive" methods of denial, in that "a denial—whether by operation of law or by written notice—can occur only *once* within [the] sixty-day timeframe"). But as explained in *Monarrez*, "a claim cannot be denied in both ways," with the result that "the time to file a lawsuit can be triggered only once." *Id.* ¶ 18. Stated another way, regardless of which avenue a governmental entity takes, there is only one applicable time period for both—sixty days. *See id.* ¶ 26 ("We hold today that the [GIA] permits a denial to happen in only one of two mutually exclusive ways: either the government responds in writing within sixty days, or the claim is denied by operation of law *at the end of those sixty days*." (emphasis added)).

_____

(…continued)
alternative cut-off date. The sixtieth day after the filing of the notice of claim was October 22, not October 23. Thus, this particular computation provides no direction.

¶30 And reading the companion provisions together, it is clear that subsection (1)(b) references the sixty-day time period first identified in subsection (1)(a)—a time period to which section 68-3-7 applies. Subsection (1)(a) states that within sixty days of filing a notice of claim, the governmental entity shall respond to the notice of claim. And subsection (1)(b) continues that if the governmental entity does not respond within "*the* 60-day period," the claim will be deemed denied. Utah Code Ann. § 63G-7-403(1)(a)–(b) (emphasis added). Thus, there is no discernable basis to differentiate subsections (1)(a) and (1)(b) or to conclude that the time computation rules set forth in section 68-3-7 do not apply to "the 60-day period" referred to in subsubsection (1)(b).

¶31 Finally, Pead contends that section 68-3-7 cannot be applied to section 63G-7-403's notice of claim provisions, citing *Craig v. Provo City*, 2016 UT 40, 389 P.3d 423, for the proposition that the GIA is "all-encompassing" on the timing requirements for filing a notice of claim and therefore may not be supplemented by section 68-3-7. Although the court in *Craig* concluded that sections 63G-7-402 and 63G-7-403 spoke comprehensively and exclusively to the "means and timing of filing claims against the government," 2016 UT 40, ¶ 26, it did not address or reject the application of common law or statutory rules of construction to the interpretation of those requirements, *see id.* ¶¶ 21–26. Rather, *Craig* addressed and resolved the question of whether, as a substantive matter, the GIA foreclosed the applicability of a general savings statute. *Id.* ¶¶ 19–26. And where the GIA establishes specific time periods associated with a notice of claim but does not address how those time periods should be computed, *see supra* ¶ 23, we do not read *Craig* as foreclosing the application of the legislature's general rules of computation to the GIA.

¶32 For these reasons, we conclude that the method described in section 68-3-7 for computing time applies to section 63G-7-403

to compute the sixty-day time period applicable to the approval, denial, or deemed denial of a notice of claim. *See generally* Utah Code Ann. § 63G-7-403(1). And applying that method here, the sixty-day time period ended, and Pead's notice of claim was deemed denied, on December 26. *See id.* § 68-3-7 (2016). Sixty days from October 25 was Sunday, December 24. Then, according to section 68-3-7, December 24 and December 25 each were excluded for purposes of computing the last day, with the result that the time period was extended to Tuesday, December 26, the "next day that [was] not a legal holiday, a Saturday, or a Sunday." *See id.* § 68-3-7(2).[5] On this basis, we conclude that the earliest Pead could have filed his complaint was December 27 and that his complaint filed on December 26 was therefore prematurely filed. *See Hall*, 2001 UT 34, ¶ 22 ("Only after the [governmental entity] has had the opportunity to consider the claim for [the requisite time period] is suit against the government allowed."); *accord McGraw v. University of Utah*, 2019 UT App 144, ¶ 25, 449 P.3d 943; *Thorpe v. Washington City*, 2010 UT App 297, ¶¶ 20–21, 243 P.3d 500; *see also Hall*, 2001 UT 34, ¶ 26 (concluding that dismissal of suit was proper where the claimant filed the notice of claim contemporaneously with the civil action, resulting in a failure to strictly comply with the requirements of the GIA, including that plaintiffs may institute a civil action "only after their claim is denied" (cleaned up)); *Yearsley v. Jensen*, 798 P.2d 1127, 1128–29 (Utah 1990) (dismissing a claim under the GIA where the notice of claim was filed one day late); *Schleger*, 2018 UT App 84, ¶¶ 7–15 (affirming that the appellants' suit was barred by the GIA's statute of limitations

---

5. Because we have concluded that reversal is appropriate on this issue on the basis of Utah Code section 68-3-7, we do not reach the City's additional arguments under rule 6 of the Utah Rules of Civil Procedure.

where, despite the short time frame in which to make the required filings, their filings were untimely).

¶33 Accordingly, the district court erred when it denied the City's motion to dismiss on the basis that Pead had complied with the notice of claim requirements under the GIA.

## II. Timeliness Under the WBA

¶34 As explained above, an employee is not permitted to file an action in district court until the notice of claim has been denied. *See Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶¶ 21–26, 24 P.3d 958. Further, the GIA and the WBA are construed together to require an employee to "file a notice of claim *and* a civil action—i.e., a district court complaint—within 180 days" of the adverse employment action. *Thorpe v. Washington City*, 2010 UT App 297, ¶¶ 18–21, 243 P.3d 500 (cleaned up).

¶35 We concluded above that the notice of claim period applicable to Pead's claim ended on Tuesday, December 26. As a result, the earliest Pead could have filed his complaint in district court would have been December 27. But the 180-day limitations period also expired at the latest on December 26. As a result, Pead did not timely file his complaint in compliance with both the GIA and the WBA.

¶36 In so concluding, we are sensitive to the unusual consequences in this case: Pead filed his complaint too soon under the GIA, but he also could not have then timely filed his complaint on December 27, as that would have been too late under the WBA. But as this court explained in *Thorpe*, the 180-day limitations period applies when an employee seeks to pursue a whistleblower claim against a governmental entity, which necessarily "requires a WBA claimant to file a GIA notice early enough in the 180-day period to allow the governmental entity 60 days to evaluate the claim so that, at the elapse of that

time, the claimant can file a civil action before the 180 days have passed." *Id.* ¶ 20. Pead, however, waited too long to file his notice of claim. And the consequence of this failure is his inability to pursue his WBA claim in district court. *See Hall*, 2001 UT 34, ¶ 26; *Yearsley v. Jensen*, 798 P.2d 1127, 1128 (Utah 1990); *Schleger v. State*, 2018 UT App 84, ¶¶ 7–15, 427 P.3d 300; *see also Wheeler v. McPherson*, 2002 UT 16, ¶ 11, 40 P.3d 632 ("We have consistently and uniformly held that suit may not be brought against the state or its subdivisions unless the requirements of the [GIA] are strictly followed." (cleaned up)). On this basis, we reverse the district court's denial of the City's motion to dismiss, and remand for the entry of judgment in the City's favor.[6]

CONCLUSION

¶37    We conclude that the district court erred when it failed to exclude December 24 and 25 in its computation of the sixty-day notice of claim period under the GIA. The sixty-day period expired on December 26, and in filing his complaint in federal court on that day, Pead filed his complaint prematurely. Accordingly, the district court erred by denying the City's motion to dismiss, and we remand with instructions to enter judgment in the City's favor.

------------

6. During oral argument, Pead conceded that if we concluded that the notice of claim period extended to December 26, the appropriate remedy would be reversal with instructions to enter judgment in the City's favor.